IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Kurt Armstrong, )<br>)<br>        Plaintiff, )<br>)    Civil No. 2:11cv13<br>vs. )<br>)<br>Lawrence Grube, )<br>        Defendant. ) | |

**ORDER AND RECOMMENDATION**

Plaintiff seeks leave to amend his complaint to allege damages in excess of $75,000. (Doc. #13).  Defendant opposes the motion. (Doc. #17)  The court, having considered the pleadings on file and the procedural background of this case, **GRANTS** plaintiff's Motion to Amend.  Plaintiff is directed to file the proposed Amended Complaint (Doc. #13-1).

Plaintiff's complaint alleges economic and non-economic damages in excess of $50,000 as a result of injuries allegedly sustained from a fall while working for the defendant.  (Doc. #1). Defendant moved to dismiss the complaint for lack of subject matter jurisdiction, asserting the alleged amount in controversy fails to meet the $75,000 threshold for diversity jurisdiction. (Doc. # 5).  Plaintiff opposed the motion and simultaneously filed this motion to amend, asserting the extent of plaintiff's injuries warrant a damage award exceeding $75,000.  (Doc. #11, Doc. #14).

Rule 15 of the Federal Rules of Civil Procedure provides that a complaint may be amended "once as a matter of course within . . . 21 days after service of a responsive pleading . . ." or with leave of court, which shall be freely given when justice so requires.  Fed. R. Civ. P. 15

(a).[1]  The court finds that both provisions favor granting plaintiff's motion to amend.  First, defendant filed his Motion to Dismiss (Doc. # 5) and Answer (Doc. 7) on April 6, 2011.  Plaintiff filed his Motion to Amend (Doc. #13) on April 15, 2011.  Clearly the motion to amend was made within the requisite time frame for amendment without leave of court.  Second, plaintiff's initial complaint alleged damages in excess of $50,000.  Plaintiff's counsel's affidavit (doc. #11) and reply brief (doc. #20) establish foreseeable damages may exceed $75,000, given the nature of the injury and the potential economic and non-economic damages sought.  Plaintiff has had four surgeries as a result of the injury.  Affidavit of Duane Lilleghaug, Doc. #11.  He has allegedly experienced significant low back pain, and has diminished strength in his legs.  Id.  Further, plaintiff alleges he has been unable to work since August 9, 2007.  Id.  The court is satisfied that plaintiff's amended complaint alleges in good faith his damage claim could exceed the $75,000.  There is nothing to suggest that plaintiff is inflating his damage claim "solely to exceed the jurisdictional threshold."  Dozier v. Ford Motor Co., 702 F.2d 1189, 1193 (D.C. Cir. 1983) (cited in Defendant's Reply to Plaintiff's Motion for Leave to Amend Complaint and Response in Support of Motion to Dismiss, Doc. #17).  Defendant's assumed factual basis for resisting the motion to amend is at least as speculative as the facts alleged by plaintiff in the amended complaint.

---

[1] Unless there is good reason for denying leave to amend a pleading, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment, leave to amend should be granted.  Becker v. U. Neb. Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citing Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)).  "Whether to grant a motion for leave to amend is within the sound discretion of the court."  Id., citing Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown, 957 F.2d at 565.

**IT IS ORDERED:**

Plaintiff's Motion to Amend (doc. #13) is **GRANTED**.

**IT IS RECOMMENDED:**

Defendant's Motion to Dismiss (doc. #5) be **DENIED**.

### RIGHT TO OBJECT

Pursuant to Fed. R. Civ. P. 72 and Local Rule 72.1 (D)(2) and (3) any party may object to this **ORDER** and **RECOMMENDATION** within 14 days after being served with a copy.

Dated this 14th day of June, 2011.

>   */s/ Karen K. Klein*
>   Karen K. Klein
>   United States Magistrate Judge